An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY DUANE GASTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64104

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter with the use of a deadly weapon and burglary. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant Gary Duane Gaston contends that insufficient evidence supports his burglary conviction. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, evidence was presented that Gaston and the victim, Candace Moffett, got engaged after several months of dating. Shortly thereafter, Gaston moved his life's savings of over $200,000 into the couple's joint bank account. On November 25, 2013, Gaston entered Moffett's home and found her sitting in bed with another man. He then discovered that Moffett had removed his life's savings from the account, leaving him with nothing. Gaston drove to California to "cool down," but returned the next day and drove straight to Moffett's home. He entered

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19096

through the back door unannounced and walked into Moffett's bedroom. Gaston told Moffett that he needed to talk to her, but she slammed the door in his face and locked it. Gaston used a hammer to break down the door and, once inside, stabbed Moffett in the chest with an army knife he had concealed beneath his clothing. Moffett died from the wound. When law enforcement arrived, Gaston told them that he entered Moffett's home "with intent" because she had stolen from him and cheated on him. When asked what he meant by "intent," Gaston said "well, I had a knife on me."

We conclude that the jury could have reasonably inferred from the evidence presented that Gaston committed burglary.[1] *See* NRS 205.060(1); *Valdez v. State*, 124 Nev. 1172, 1197, 196 P.3d 465, 481 (2008) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime." (internal quotation marks omitted)); *see also United States v. Powell*, 469 U.S. 57, 67 (1984) (a sufficiency of the evidence review should be conducted independently of any assertion of inconsistent verdicts). A jury's verdict will not be disturbed on appeal where, as here, it is supported by sufficient evidence. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Gaston contends that his right to due process was violated because his convictions for burglary and voluntary manslaughter are "mutually exclusive." We disagree. Although the verdicts may be

---

[1]We reject the State's assertion that Gaston committed burglary by entering Moffett's bedroom with the intent to commit murder because this theory was not alleged in the charging document or argued at trial. *See Alford v. State*, 111 Nev. 1409, 1415, 906 P.2d 714, 717-18 (1995); *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 584-85 (2005).

inconsistent, they are not mutually exclusive under the circumstances presented,[2] *see generally* W.E. Shipley, Annotation, *Inconsistency of the Criminal Verdict as Between Different Counts of an Indictment or Information*, 18 A.L.R.3d 259, 287 (1968), and inconsistent verdicts are permitted where supported by sufficient evidence, *see Greene v. State*, 113 Nev. 157, 173-74, 931 P.2d 54, 64 (1997), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000). Under the facts of this case in particular, we are convinced that the jury's verdict should not be disturbed. *See Powell*, 469 U.S. at 65 (recognizing that inconsistent verdicts "should not necessarily be interpreted as a windfall to the Government at the defendant's expense," because it is "equally possible" that the jury was convinced of the defendant's guilt but reached its verdict "through mistake, compromise, or lenity"). We conclude that no relief is warranted.

Third, Gaston contends that the district court abused its discretion at sentencing by failing to state on the record that it had considered the factors required by NRS 193.165(1) before imposing the sentence for the deadly weapon enhancement. We disagree because Gaston did not object and fails to demonstrate plain error which affected his substantial rights. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507-08 (2009).

---

[2]Gaston notes that the charging document and jury instructions improperly stated that he was guilty of burglary if he entered Moffett's home with the "intent to commit substantial bodily harm." This deficiency does not compel the conclusion that the verdicts are mutually exclusive.

Having considered Gaston's contentions and concluded that no relief is warranted, we

ORDER the judgment conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Jerome T. Tao, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk